UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB JOHN PIPPIN,

    Plaintiff,

v.

DETECTIVE STEVEN FOX,

    Defendant.
                                      /

No. C 13-4552 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, who is detained at the Elmwood Correctional Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that a police officer falsified his arrest and lied during a preliminary hearing and during trial, where plaintiff was later found not guilty.  It appears plaintiff is presenting a false arrest and malicious prosecution claim.[1]

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *see, e.g. Lacey v. Maricopa County*, 693 F.3d 896, 918-919 (9th Cir. 2012) (en banc) (allegations that special prosecutor ordered or otherwise procured arrests and arrests were without probable cause enough to state a § 1983 claim of unlawful arrest

---

[1] Plaintiff also describes some instances of inadequate medical care but has failed to identify any defendants or describe their specific actions.

against special prosecutor); *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012) (reversing denial of qualified immunity when there was "no question" that officers had probable cause to believe that plaintiff had committed the actus reus of theft, even though reasonable people could draw different conclusions based on plaintiff's behavior). A claim of bad faith in making an arrest may also be a cause of action under § 1983 as an illegal and unconstitutional arrest. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). Knowingly arresting the wrong person pursuant to a facially valid arrest warrant intended for another person makes out a constitutional violation for false arrest. *Lee v. Gregory*, 363 F.3d 931, 935 (9th Cir. 2004).

Malicious prosecution does not constitute a deprivation of liberty without due process of law and is not a federal constitutional tort if process is available within the state judicial system to remedy such wrongs. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987). But there is an exception to this general rule: where a prosecution is conducted with malice and without probable cause, and with the intent to deprive a person of equal protection of the laws or another specific constitutional right, a due process claim may be stated. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc), and *Cline v. Brusett*, 661 F.2d 108, 110-12 (9th Cir. 1981)). *See, e.g., Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (upholding district court's grant of summary judgment on malicious prosecution claim because probable cause existed to arrest and prosecute plaintiff for arson); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) (no need to decide whether there was malice because probable cause existed and probable cause is an absolute defense to malicious prosecution claim). A plaintiff also must demonstrate the elements of malicious prosecution under state law, *Usher*, 828 F.2d at 561, which, under the Second Restatement of Torts, includes the institution of criminal proceedings against another who is not guilty of the offense charged and that the proceedings have terminated in favor of the accused, *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en

banc).

Plaintiff's complaint is difficult to follow.  He states that the sole defendant, Detective Fox falsified his arrest for 11379.  Plaintiff fails to describe the crime or the circumstances of his arrest, but it could be related to California Health and Safety Code § 11379, regarding the transportation, sale or furnishing of controlled substances.  Plaintiff alleges that the defendant lied under oath regarding plaintiff's licence plate number for his car.  It is not clear the relevance of this testimony, though plaintiff does describe a stop and search of his car by a different police officer.  The defendant in this case later searched plaintiff's residence and found additional evidence, but plaintiff does not describe the evidence. Plaintiff states that after a jury trial he was found not guilty on August 2, 2011.  Plaintiff also describes a parole hearing where he was released from San Quentin State Prison on August 29, 2011, though he does not describe the relevance of this information.[2]

As currently pled, plaintiff's bare allegations are insufficient to state a claim under *Iqbal*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678.  The complaint will be dismissed with leave to amend for plaintiff to provide more information with respect to the standards set forth above.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this action.

---

[2] Plaintiff is currently incarcerated, but it is unclear if that is related to this case.

4

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 17, 2013.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\CR.13\Pippin4552.dwlta.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JACOB JOHN G. PIPPIN,

        Plaintiff,

  v.

SANTA CLARA COUNTY et al,

        Defendant.
                                     /

Case Number: CV13-04552 EDL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 17, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jacob John Pippin DOG746
701 S. Abel St.
Milpitas, CA 95035

Dated: December 17, 2013

                                        Richard W. Wieking, Clerk
                                        By: Lisa R Clark, Deputy Clerk