UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB JOHN PIPPIN,

        Plaintiff,

    v.

DETECTIVE STEVEN FOX,

        Defendant.
                                /

No. C 13-4552 EDL (PR)

**ORDER OF SERVICE**

      Plaintiff, who is detained at the Elmwood Correctional Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### A.    Standard of Review

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that a police detective falsified his arrest and lied during a preliminary hearing and during trial, where plaintiff was later found not guilty.[1]  Plaintiff does not identify any causes of action but it seems that he is presenting a false arrest and malicious prosecution claim.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification.  *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *see, e.g. Lacey v. Maricopa County*, 693 F.3d 896, 918-919 (9th Cir. 2012) (en banc) (allegations that special prosecutor ordered or otherwise procured arrests and arrests were without probable cause enough to state a § 1983 claim of unlawful arrest

---

[1] Plaintiff is currently incarcerated, but it does not appear to be related to this case.

against special prosecutor); *Conner v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012) (reversing denial of qualified immunity when there was "no question" that officers had probable cause to believe that plaintiff had committed the actus reus of theft, even though reasonable people could draw different conclusions based on plaintiff's behavior). A claim of bad faith in making an arrest may also be a cause of action under § 1983 as an illegal and unconstitutional arrest. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). Knowingly arresting the wrong person pursuant to a facially valid arrest warrant intended for another person makes out a constitutional violation for false arrest. *Lee v. Gregory*, 363 F.3d 931, 935 (9th Cir. 2004).

Malicious prosecution does not constitute a deprivation of liberty without due process of law and is not a federal constitutional tort if process is available within the state judicial system to remedy such wrongs. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987). But there is an exception to this general rule: where a prosecution is conducted with malice and without probable cause, and with the intent to deprive a person of equal protection of the laws or another specific constitutional right, a due process claim may be stated. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc), and *Cline v. Brusett*, 661 F.2d 108, 110-12 (9th Cir. 1981)). *See, e.g., Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (upholding district court's grant of summary judgment on malicious prosecution claim because probable cause existed to arrest and prosecute plaintiff for arson); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) (no need to decide whether there was malice because probable cause existed and probable cause is an absolute defense to malicious prosecution claim). A plaintiff also must demonstrate the elements of malicious prosecution under state law, *Usher*, 828 F.2d at 561, which, under the Second Restatement of Torts, includes the institution of criminal proceedings against another who is not guilty of the offense charged and that the proceedings have terminated in favor of the accused, *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en

1    banc).

2        Plaintiff states that Defendant Detective Fox provided false testimony during a
3    prosecution and false statements in a police report regarding an alleged hand to hand
4    transaction that was prosecuted under California Health and Safety Code § 11379.
5    Plaintiff's allegations are sufficient to proceed against defendant Detective Fox.

6        Plaintiff also presented allegations regarding inadequate medical care, but he did not
7    identify any defendants and was instructed to identify the individual defendants in an
8    amended complaint. Plaintiff has again described the inadequate medical care but has not
9    even attempted to identify any defendants. Thus, the medical claim is dismissed.

## CONCLUSION

11       1. The clerk shall issue a summons and Magistrate Judge jurisdiction consent form
12   and the United States Marshal shall serve, without prepayment of fees, the summons,
13   Magistrate Judge jurisdiction consent form, copies of the amended complaint (Docket No.
14   7) with attachments and copies of this order on Detective Steven Fox #274 of the Milpitas
15   Police Department.

16       2. In order to expedite the resolution of this case, the Court orders as follows:

17       a. No later than sixty days from the date of service, Defendant shall file a
18   motion for summary judgment or other dispositive motion. The motion shall be supported
19   by adequate factual documentation and shall conform in all respects to Federal Rule of
20   Civil Procedure 56, and shall include as exhibits all records and incident reports stemming
21   from the events at issue. If Defendant is of the opinion that this case cannot be resolved by
22   summary judgment, he shall so inform the Court prior to the date his summary judgment
23   motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

24       b. At the time the dispositive motion is served, Defendant shall also serve, on
25   a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d
26   952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4
27   (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and

4

*Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

        c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendant files an unenumerated motion to dismiss claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        d. If Defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

        e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    3. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

    4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 25, 2014.

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\CR.13\Pippin4552.serve.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If Defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If Defendant files a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.