UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB JOHN PIPPIN,

        Plaintiff,

  v.

DETECTIVE STEVEN FOX,

        Defendant.

No. C 13-4552 EDL (PR)

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

(Docket No. 16.)

Plaintiff proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. Defendant has filed a motion to dismiss. Plaintiff has filed a request for a continuance and for an appointment of counsel.

Plaintiff's request for a continuance is construed as a motion for an extension of time to file an opposition to Defendant's motion to dismiss. So construed, Plaintiff's motion is **GRANTED**. Plaintiff's opposition is due no later than **twenty-eight days** from the filing date of this order. Defendant shall file a reply **fourteen days** thereafter.

In Plaintiff's request for an appointment of counsel, Plaintiff expresses concern regarding his representation in any Court hearings. As the Court stated in its April 14, 2014, order of service, no hearings will be held unless and until the Court so orders at a later date. Moreover, there is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the

plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff appears able to present his claims adequately, and the issues are not complex.  Therefore, the motion to appoint counsel is **DENIED.**

**IT IS SO ORDERED.**

Dated: July  8 , 2014.

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\CR.13\Pippin4552eot.wpd

2