United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB JOHN PIPPIN, | No. C 13-4552 EDL (PR) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| DETECTIVE STEVEN FOX, | (Docket No. 12.) |
| Defendant. | |

Jacob John Pippin, a California state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Defendant has filed a motion to dismiss this action as barred by the statute of limitations and a request for judicial notice. Defendant's request for judicial notice is granted. Plaintiff has filed an informal brief in opposition to the motion to dismiss. Defendants have filed a reply. For the reasons that follow, Defendants' motion to dismiss is denied.

## BACKGROUND

In the amended complaint, Plaintiff claimed that Defendant Detective Fox provided false testimony during a prosecution and false statements in a police report regarding an alleged hand to hand transaction that was prosecuted under California Health and Safety Code § 11379. Plaintiff argued that Defendant falsified Plaintiff's arrest and lied during a preliminary hearing as well as during trial. Plaintiff was later acquitted of this charge. This court concluded that, liberally construed, Plaintiff presented claims of false arrest and malicious prosecution.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the

complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The court may grant a motion to dismiss based on the running of the statute of limitations "only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

In considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). In ruling on a Rule 12(b)(6) motion, the court may not consider any material outside the complaint but may consider exhibits attached thereto. *See Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of Rule 12(b)(6) motion).

## ANALYSIS

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*,

549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999).

Defendant argues that Plaintiff's statute of limitations period did not begin until after he received a favorable termination of the underlying criminal proceeding, based on California Government Code § 945.3.[1] The tolling provision of Section 945.3 operates only so long as the criminal charges are "pending," which means until the date of judgment and conviction. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). Here, Plaintiff was arrested on March 17, 2011. (Am. Compl. at 2.) Plaintiff was acquitted on August 2, 2011, of the charges against him. (Defs.' Req. for Jud. Notice, Exs. A, B.) Thus, argues Defendant, Plaintiff's deadline for initiating this action was August 2, 2013. However, Plaintiff did not commence this lawsuit until August 28, 2013.[2] *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (recognizing that the mailbox rule applies to the filing of a federal civil rights complaint).

Thus, absent some exception such as equitable tolling, Plaintiff's complaint is time-barred. Generally speaking, whether equitable tolling applies in a case is not amenable to resolution on a motion to dismiss because the determination often depends on matters outside of the pleadings. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir.

---

[1] That section provides: No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal or superior court.
   Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a municipal or superior court.

[2] Although the file-stamped date on Plaintiff's complaint is October 2, 2013, it was received at the Northern District Clerk's office on September 23, 2013. To make matters more convoluted, Plaintiff signed both his complaint and motion for leave to proceed in forma pauperis on August 28, 2013. Plaintiff did not declare under penalty of perjury or include any evidence to affirmatively demonstrate that he submitted the complaint to jail authorities for mailing on that date, but purposes of this motion to dismiss, the court will assume that he did so.

1993). However, where factual and legal issues are sufficiently clear to permit the court to determine as a matter of law that the equitable tolling doctrine cannot be successfully invoked, the court may dismiss an action on a Rule 12(b)(6) motion. *See id.* at 1276-77. Such a motion may be granted only "if the assertions of the complaint, read with the required liberality, would not permit a plaintiff to prove that the statute was tolled." *Jablon*, 614 F.2d at 682.

Here, in an exhibit to Plaintiff's original complaint, it appears that Plaintiff was not released on the day he was acquitted. (Docket No. 1-1 at 4-5.) Plaintiff stated that while he was detained pending charges, he was notified that he was being charged with violating his parole. On August 2, 2011, Plaintiff requested a parole violation hearing in the hopes that he would receive the hearing the following day. (*Id.* at 5.) However, Plaintiff intimates that he was held until August 26, 2011, when he was seen at a probable cause hearing at San Quentin State Prison. (*Id.*) Ultimately, Plaintiff was released from San Quentin State Prison on August 29, 2011.

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." *See* Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.* Here, if Plaintiff indeed was imprisoned from the date of his arrest up through August 29, 2011, it is possible that the statute of limitations could be tolled up to that date. Moreover, if Plaintiff delivered his complaint to jail authorities for mailing on August 28, 2013, the date Plaintiff signed his complaint, Plaintiff's complaint would not be time-barred.

Thus, the allegations of the complaint, read with the required liberality, might permit Plaintiff to establish tolling. That is, the court cannot say that "it appears beyond doubt that Plaintiff can prove no set of facts that would establish the timeliness of his claims." *See*

4

*Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). For that reason Defendant's argument that the claims are time-barred will have to be resolved, if at all, on a motion for summary judgment, not a motion to dismiss.

## CONCLUSION

Defendant's motion to dismiss is DENIED.

No later than sixty (60) days from the filing date of this order, Defendant shall file a motion for summary judgment. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Fed. R. Civ. P. 56. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.

Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than twenty-eight (28) days from the date Defendant's motion is filed. Plaintiff is advised to read Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

Defendant shall file a reply brief no later than fourteen (14) days after Plaintiff's opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

It is Plaintiff's responsibility to prosecute this case. He must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 13, 2015.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\CR.13\Pippin4552mtdtim.wpd

5